[Civ. No. 1495. Fourth Appellate District.—January 6, 1934.]

E. B. GILBERT et al., Respondents, v. E. K. NIELSEN, Appellant.

John Dean Barrick for Appellant.

C. P. Temple for Respondents.

BARNARD, P. J.—This is an action to quiet title to certain mining claims in Inyo County. In her "answer" the defendant alleged that she had leased the property from the two first-named plaintiffs, that those plaintiffs had falsely represented themselves to be the sole owners of the property, and prayed for damages. This answer was filed on August 31, 1932. A memorandum for the purpose of having the cause set for trial was served on the defendant's attorney on September 23, 1932, and on September 26, 1932, the court set the trial for October 11, 1932. Notice thereof was served on the defendant's attorney on September 30, 1932. When the case came on for trial on October 11, 1932, the defendant moved for a continuance. The motion was denied and the trial continued resulting in a judgment in favor of the plaintiffs, from which the defendant has appealed.

The main ground of appeal is that the trial court abused its discretion in refusing to grant a continuance. The only argument made is that one of the plaintiffs, D. W. Winzeler, was a necessary witness for the appellant and that it was an abuse of discretion not to grant a continuance for a time sufficient to enable the appellant to take his deposition. The motion for continuance was supported by the affidavit of the appellant only. While the affiant alleged that she had used due diligence in preparing for trial, no

facts are alleged to indicate what, if any, diligence was used. If it was necessary to take the deposition referred to the appellant had forty-one days after the answer was filed, eighteen days after receiving notice that the case would be set and eleven days after receiving notice of the date of trial, and nothing appears to show why a deposition was not or could not have been taken during this time. No facts were alleged to show any necessity for a deposition, and nothing to show where the witness was, or that his presence could not be secured by subpoena. From all that appears from the showing made before the trial court, the witness may have been available in person, or may have been where his deposition could have been taken within a day or two. While it is now stated in appellant's brief that this witness was out of the state, that fact does not appear in the record nor does the record indicate when the appellant learned that the witness would not be available, if such was the fact. In an answering affidavit the attorney for respondents alleged that on September 25, 1932, he informed the attorney for the appellant that he would sign a stipulation for the taking of any deposition he desired, but that no such stipulation was ever presented to him. A further consideration is that in the state of the pleadings at the time the continuance was asked for, the testimony to be expected from the witness if his deposition were taken, according to the allegations of the affidavit, were neither material nor admissible. No abuse of discretion appears and the general rule applies that in such a situation the granting of a continuance rests entirely within the sound discretion of the trial judge.

Some argument is made that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. Not only is there no showing of diligence in this regard but the affidavit in support of the motion discloses that the essential facts relied upon as new evidence were known to the appellant many months before the date of the trial. In any event, the new evidence referred to, if produced, could not be expected to have affected the result in view of certain documentary evidence which was introduced by the respondents. The order complained of is fully sustained by the record.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.